COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Phone: (415) 693-2000
Fax: (415) 693-2222

ANNE H. PECK (SBN 124790)
(peckah@cooley.com)
JEFFREY T. NORBERG (SBN 215087)
(jnorberg@cooley.com)
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

Attorneys for Plaintiff
FACEBOOK, INC.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| FACEBOOK, INC., <br><br> Plaintiff, <br><br> v. <br><br> THOMAS PEDERSEN, an individual, d/b/a Faceporn.com and RETRO INVENT AS, a Norwegian private limited company d/b/a Faceporn.com, <br><br> Defendants. | Case No. CV10–4673 (JSW) <br><br> **CASE MANAGEMENT STATEMENT** <br><br><br> Case Management Conference: <br> Date: June 24, 2011 <br> Time: 1:30 p.m. <br> Court: 11, 19th Floor |

## CASE MANAGEMENT STATEMENT

This Case Management Statement is submitted unilaterally by Plaintiff Facebook, Inc. ("Facebook") because no defendant has appeared in this action. Both defendants in this action – Retro Invent AS and Thomas Pedersen (collectively, "Defendants") – were served in Norway pursuant to the requirements of the Hague Convention on April 4, 2011 and April 29, 2011, respectively. Despite this, Defendants have failed to answer or otherwise appear in this action.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

FACEBOOK V. FACEPORN
CASE NO. CV10-4673 (JWS)

1.

FACEBOOK, INC.'S CASE MANAGEMENT STATEMENT

This Court entered default as to Retro Invent on May 26, 2011 and as to Thomas Pedersen June 1, 2011. Facebook intends to move for default judgment following a brief period of discovery.

### 1. JURISDICTION AND SERVICE

**(a) Subject Matter Jurisdiction**. This Court has subject matter jurisdiction of this action under 15 U.S.C. §§ 1119 and 1121 and 28 U.S.C. §§ 1331, 1338, and 1367. The action is filed under the United States Trademark Act of July 5, 1946, as amended, 15 U.S.C. § 1051 *et seq.* (the "Lanham Act").

**(b) Issues Regarding Personal Jurisdiction or Venue**. Facebook is not aware of the existence of any issues regarding personal jurisdiction or venue.

**(c) Parties Remaining to be Served**. Both Defendants have been served.

### 2. FACTS

Facebook is a prominent provider of online networking services and is dedicated to making the web more social, personalized, smarter and relevant. Through Facebook's website, the Facebook Platform, Social Plugins and other tools, hundreds of millions of Facebook users enjoy personalized and relevant internet experiences. Facebook has provided its services under the FACEBOOK trademark since at least February 4, 2004. The FACEBOOK trademark is a famous mark under 15 U.S.C. § 1125(c)(2)(A).

Defendants Retro Invent and its principal Thomas Pedersen have operated a pornographic online networking and community website accessible at www.faceporn.com. Defendants use the trademark FACEPORN to offer and/or promote their networking and pornography services at the Faceporn.com site. Excluding the pornographic content, the nature of the underlying services offered on the Faceporn.com site, under the FACEPORN mark, are very similar to many of the services provided by Facebook at its website www.facebook.com. Facebook alleges that Defendants misappropriated the FACEBOOK brand by adopting and using its confusingly similar FACEPORN trademark. Facebook further alleges that Defendants misappropriated Facebook's WALL trademark.

Facebook alleges that Defendants' acts as stated in the First Amended Complaint give rise to a likelihood of dilution and consumer confusion in the marketplace in violation of the

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

FACEBOOK V. FACEPORN
CASE NO. CV10-4673 (JWS)

2.

FACEBOOK, INC.'S CASE MANAGEMENT
STATEMENT

Lanham Act and common law. Facebook also asserts claims for violations of the Anti-Cybersquatting Consumer Protection Act arising out of Defendants' registration of the faceporn.com domain name, common law trademark infringement, and unfair competition in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*

After filing its initial complaint on October 15, 2010, Facebook spent months investigating Defendants and attempting to serve them. These efforts included investigation into the owner of the Faceporn.com site (which was transferred from Thomas Pedersen to Retro Invent after the initial complaint was filed), contact with Mr. Pedersen's last known counsel who refused to waive formal service of the complaint in Norway, and retention of a third party vendor to translate the Court documents into Norwegian and effect service in Norway. After months of diligent effort and substantial expense, Facebook successfully served Retro Invent and Thomas Pedersen on April 4, 2011 and April 29, 2011, respectively. Despite this, Defendants have failed to answer or otherwise respond to Facebook's First Amended Complaint, nor have they appeared in this action. The Clerk of this Court entered default as to Retro Invent on May 26, 2011 and as to Thomas Pedersen on June 1, 2011.

Approximately one week after the Complaint was filed, the Defendants placed a message on the Faceporn.com site stating that the site was "down until further notice" and noting that the Defendants were "currently working to launch a completely new version of the site[]." This message, or a similar variation thereof, remained on the Faceporn.com site until after the clerk's entry of default, when the site began redirecting traffic to a newly established infringing site at www.faceporn.net.

**3. LEGAL ISSUES**

Facebook has asserted the following Legal Issues against Defendants:

**(a)** Whether Defendants are liable for dilution of the FACEBOOK mark pursuant to 15 U.S.C. § 1125 and/or California Bus. & Prof. Code § 14247;

**(b)** Whether Defendants are liable for false designation of origin under 15 U.S.C. § 1125;

**(c)** Whether Defendants are liable for infringement of the FACEBOOK mark pursuant to 15 U.S.C. § 1114 and/or common law;

**(d)** Whether Defendants are liable for violation of the Anti-Cybersquatting Consumer Protection Act under 15 U.S.C. § 1125(d);

**(e)** Whether Defendants are liable for infringement of Facebook's WALL mark pursuant to 15 U.S.C. § 1114 and/or common law;

**(f)** Whether Defendants are liable for unfair competition under the common law;

**(g)** Whether Defendants are liable for violation of California Bus. & Prof. Code § 17200, *et seq.*;

**(h)** Whether Facebook is entitled to injunctive relief; and

**(i)** The determination of the appropriate measure of money remedies to which Facebook is entitled.

### 4. MOTIONS

No motions are presently pending. However, Facebook intends to seek leave of Court to take discovery from the Defendants in Norway, to the extent permissible by law, as well as certain third-party discovery, such as discovery from the registrars of the domains www.faceporn.com and www.faceporn.net. Following this brief discovery period, Facebook intends to move for default judgment as to both Defendants.

### 5. AMENDMENT OF PLEADINGS

Facebook does not anticipate any amendments to its complaint at this time, but may seek to add additional allegations and/or claims as discovery proceeds.

### 6. EVIDENCE PRESERVATION

Facebook is aware of its obligation to preserve evidence and has taken reasonable steps to preserve documents and electronic records relating to the issues presented in the complaint. Facebook has no knowledge of the steps taken by Defendants, if any, to preserve relevant materials.

**7. DISCLOSURES**

No disclosures have been served and no discovery conference has been held because no other parties have appeared in the case.

**8. DISCOVERY**

   **(a) Discovery to Date**.  No discovery has been taken to date.

   **(b) Anticipated Discovery**.  Facebook seeks leave of Court to take discovery from the Defendants in Norway, to the extent allowed by law, and from certain third parties, such as the registrars of the domains www.faceporn.com and www.faceporn.net.

   **(c) Limitations or Modifications of Discovery Rules**.  Because the Defendants have defaulted, no Rule 26(f) conference of counsel has occurred.  Facebook requests that the Court grant Facebook leave to take discovery without holding this conference.

   **(d) Rule 26(f) Discovery Plan**.  As mentioned above, Facebook intends to take discovery from the Defendants in Norway, to the extent allowed by law, and from certain third parties.

**9. CLASS ACTIONS**

This is not a class action.

**10. RELATED CASES**

Facebook is not aware of any related cases or proceedings.

**11. RELIEF**

Facebook seeks judgment that Defendants have infringed and continue to infringe the FACEBOOK and WALL marks.  Facebook seeks a determination that Defendants' acts of infringement have been and are willful.  Facebook further seeks judgment that Defendants have diluted and continue to dilute the FACEBOOK mark.  Facebook further seeks judgment that Defendants have violated federal and state laws prohibiting unfair competition and false designation of origin, and that Defendants' registration of the Faceporn.com domain was in violation of the Anti-Cybersquatting Consumer Protection Act.

Facebook seeks a permanent injunction, treble damages and attorneys' fees, compensatory and/or statutory damages, and an accounting and disgorgement of Defendants'

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

FACEBOOK V. FACEPORN
CASE NO. CV10-4673 (JWS)

5.

FACEBOOK, INC.'S CASE MANAGEMENT STATEMENT

1  revenues and profits derived from its wrongful use of the infringing trademark.  Facebook also
2  seeks an order requiring Defendants to transfer the Faceporn.com domain name and all other
3  infringing domain names (including Faceporn.net) to Facebook.  Finally, Facebook also seeks
4  such other relief at law and in equity as the Court may deem just and proper.

**12. SETTLEMENT AND ADR**

   **(a)  Prospects for Settlement**.  Facebook does not believe this case is likely to settle because the Defendants have not appeared in the case.

   **(b)  ADR Efforts to Date**.  None.

   **(c)  ADR Plan**.  None.

**13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

Facebook does not consent to the jurisdiction of a Magistrate Judge for all purposes.

**14. OTHER REFERENCES**

Facebook does not believe that this case is suitable for reference to binding arbitration or to a special master.

**15. NARROWING OF ISSUES**

Facebook is not presently aware of any issues that could be narrowed by stipulation or by motion; Facebook does not presently intend to request the bifurcation of any issues or claims.

**16. EXPEDITED SCHEDULE**

Facebook does not believe that an expedited schedule for this case is necessary.

**17. SCHEDULING**

Facebook will request leave to seek discovery from Defendants as soon as practicable. Facebook anticipates that it will apply for entry of default judgment against Defendants soon after taking this discovery.

**18. TRIAL**

No trial is anticipated.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

FACEBOOK V. FACEPORN
CASE NO. CV10-4673 (JWS)                     6.                     FACEBOOK, INC.'S CASE MANAGEMENT
                                                                    STATEMENT

**19. <u>DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS</u>**

Facebook filed the Certification of Interested Entities or Persons required by Civil Local Rule 3-16 on October 15, 2010. There is no interest to report.

**20. <u>SUCH OTHER MATTERS AS MAY FACILITATE DISPOSITION</u>**

There are no such further matters at this time.

Dated: June 17, 2011

COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
ANNE H. PECK (SBN 124790)
JEFFREY T. NORBERG (SBN 215087)

*/s/ Jeffrey T. Norberg*
Jeffrey T. Norberg
Attorneys for Plaintiff
FACEBOOK, INC.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

FACEBOOK V. FACEPORN
CASE NO. CV10-4673 (JWS)

7.

FACEBOOK, INC.'S CASE MANAGEMENT STATEMENT