UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FACEBOOK, INC., <br><br> Plaintiff, <br><br> v. <br><br> THOMAS PEDERSEN and RETRO INVENT AS, <br><br> Defendants. | Case No. 10-cv-04673 JSW (NC) <br><br> **ORDER TO SHOW CAUSE** <br><br> Re: Dkt. No. 36 |

In this action for trademark dilution and infringement, Plaintiff Facebook moves for the entry of default judgment against Defendants Pedersen and Retro Invent under Federal Rule of Civil Procedure 55(b)(2). Dkt. No. 36. Facebook also requests an award of attorneys' fees and costs, a permanent injunction barring defendants from using Facebook's registered marks, and the transfer of Defendants' internet domains to Facebook. *Id.* at 3. Facebook alleges to have served the summons, the amended complaint, and a copy of the motion for default judgment on Defendants. *Id.* at 4-5. As of the date of this order, Defendants have not answered the complaint or responded to the motion. As it appears that the Court lacks personal jurisdiction over Defendants, both of whom are residents of Norway, Facebook is ORDERED TO SHOW CAUSE why this Court should not recommend to the District Court that this action be dismissed for lack of personal jurisdiction. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("[W]hen a court is considering whether to enter a default judgment, it may dismiss an action sua sponte for lack of personal jurisdiction.").

## I. BACKGROUND

Plaintiff Facebook provides online networking services to more than 500 million monthly users; these services include allowing users to create profiles, upload photos and videos, and connect with others. Dkt. No. 7, Am. Compl. ¶¶ 9, 22. Facebook owns ten trademark registrations and has seventeen pending trademark applications in the United States for the "Facebook" mark. *Id.*, Ex. A, B. Additionally, Facebook owns one trademark registration in the United States for the "Wall" mark. *Id.,* Ex. D.

Defendant Retro Invent is Norwegian company doing business as www.Faceporn.com ("Faceporn"), a website featuring pornographic content that allows its users to create profiles, join groups, upload photos and video, and conduct live chats. *Id*. ¶¶ 4, 20-21. Every page of the Faceporn website contains the "Faceporn" mark. *Id.* ¶ 20. Defendant Thomas Pedersen, a resident of Norway, is the principal of Retro Invent. *Id*. ¶ 4.

Facebook filed an amended complaint on January 7, 2011, against Defendants Pedersen and Retro Invent, alleging that Defendants' use of the "Faceporn" mark on the Faceporn website dilutes and infringes its registered "Facebook" and "Wall" marks. *Id.* ¶ 1. Facebook served Retro Invent with the summons and amended complaint in Norway on April 4, 2011, by following the procedures required by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents. Dkt. No. 36, Mot. at 2; Norberg Decl., Ex. D. Facebook also served Pederson with the summons and amended complaint in Norway under the Hague Convention on April 29, 2011. *Id.* Defendants did not respond to the complaint. The clerk entered default as to Retro Invent on May 26, 2011, and as to Pederson on June 1, 2011. Dkt. Nos. 23, 25. Facebook now moves for the entry of default judgment against Defendants.

## II. DISCUSSION

Based on the allegations in the complaint and the motion for default judgment, the Court lacks personal jurisdiction over Defendants. For the exercise of personal jurisdiction over a foreign defendant to be justified, the Due Process Clause requires that the defendant perform some act by which he purposefully avails himself of the benefits and protections of the laws of the forum. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801-02 (9th Cir. 2004).

In the context of trademark dilution, the Ninth Circuit requires "something more" than "simply registering someone else's trademark as a domain name and posting a web site on the Internet" in order to find that the defendant has expressly aimed his conduct at the forum and thus purposefully availed himself of the benefits and protections of the laws of that forum. *Panavision Intern., L.P. v. Toeppen*, 141 F.3d 1316, 1322 (9th Cir. 1998). The "something more" that the Ninth Circuit requires is "conduct directly targeting the forum," such as running a website that appeals to, *and profits from*, an audience in the forum. *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1229 (9th Cir. 2011) (emphasis added); *see also Panavision*, 141 F.3d at 1322 (holding that the foreign defendant's purposeful monetary extortion of the plaintiff constituted the "something more" that is required to justify the exercise of personal jurisdiction over the defendant); *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1020 (9th Cir. 2002) (holding that the "something more" requirement was met because the foreign defendant "specifically targeted customers" in the forum state by running radio and print advertisements there).

      Here, Facebook's allegations do not establish that Defendants' conduct meets the "something more" requirement. Facebook alleges that Faceporn is a highly interactive website that has 250 users in California and 1000 users in the United States, and that Faceporn targeted "a U.S. audience" by registering its website with a domain name ending in ".com." These allegations alone, without facts showing that Faceporn's California viewer base was "an integral component" of Faceporn's business model and profitability, falls short of meeting Facebook's burden to establish that the exercise of personal jurisdiction over Defendants is proper, as "[n]ot all material placed on the Internet is, solely by virtue of its universal accessibility, expressly aimed at every state in which it is accessed." *Mavrix*, 647 F.3d at 1230-31.

## IV. ORDER

On or before December 12, 2011, Facebook must show cause, in writing, why this Court should not recommend to the District Court that this action be dismissed for lack of personal jurisdiction. Specifically, Facebook must show why the exercise of personal jurisdiction over Defendants is proper in light of the case law cited in this order.

IT IS SO ORDERED.

DATED: November 29, 2011

NATHANAEL M. COUSINS
United States Magistrate Judge