COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Phone: (415) 693-2000
Fax: (415) 693-2222

ANNE H. PECK (SBN 124790)
(peckah@cooley.com)
JEFFREY T. NORBERG (SBN 215087)
(jnorberg@cooley.com)
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone:    (650) 843-5000
Facsimile:    (650) 849-7400

Attorneys for Plaintiff
FACEBOOK, INC.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| FACEBOOK, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THOMAS PEDERSEN, an individual d/b/a Faceporn.com, and RETRO INVENT AS, a Norwegian private limited company d/b/a Faceporn.com,<br><br>　　　　Defendants. | Case No. **CV10-4673–JSW (NMC)**<br><br>**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE RE PERSONAL JURISDICTION** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PLAINTIFF'S RESPONSE TO ORDER TO SHOW
CAUSE RE PERSONAL JURISDICTION
CV10-4673-JSW

## I. INTRODUCTION

This Court has personal jurisdiction over the defendants because the defendants have specifically targeted a known California company's distinctive brand, which is more than sufficient to establish jurisdiction. This is not a case where an out of forum defendant inadvertently selected a trademark that infringes another's brand. The defendants in this case set out to trade on the goodwill of Facebook, a known California resident, by creating a pornographic imitation of Facebook. The "something more" requirement of the Ninth Circuit's *Panavision* case is satisfied where, as here, the defendant has specifically targeted a forum resident for competition.

## II. ARGUMENT

As the Court observed in its Order to Show Cause, "[f]or the exercise of personal jurisdiction over a foreign defendant to be justified, the Due Process Clause requires that the defendant perform some act by which he purposefully avails himself of the benefits and protections of the laws of the forum." Order to Show Cause at 2 (citing *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801-02 (9th Cir. 2004)). In tort cases where the plaintiff alleges specific rather than general jurisdiction, the exercise of personal jurisdiction is proper when three elements are met: (1) the defendant has purposefully directed its activities at the forum, (2) the claim arises out of the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable. *Mavrix Photo, Inc. v. Brand Technologies, Inc.*, 647 F.3d 1218, 1227-28 (9th Cir. 2011). Once the plaintiff establishes the first two elements, the burden shifts to the defendant to show that the exercise of jurisdiction would be unreasonable. *Id*.

While the Court in the Order to Show Cause appears to take issue only with the first element; i.e., purposeful direction, Facebook notes that the second and third elements favor Facebook. Order to Show Cause at 2-3. Facebook's claims against Faceporn arise out of Faceporn's global infringement of the FACEBOOK mark, including in California. Amended Complaint (D.I. 7) ¶¶19-26. And, despite having hired counsel in the United States, the defendants have elected not to appear in this case or make any effort to make a showing that the exercise of jurisdiction would be unreasonable. Nor could defendants make such a showing,

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

MOTION FOR DEFAULT JUDGMENT,
PERMANENT INJUNCTION & ATTORNEYS' FEES
CV10-4673-JSW (DMR)

because failure to exercise jurisdiction here would unreasonably leave Facebook without any U.S. forum to address the defendants' ongoing infringement of the Facebook mark.

### A. Purposeful Direction is Satisfied Where A Defendant Individually Targets A Forum Resident.

Facebook alleges purposeful direction under the "effects test" described in the Supreme Court's *Calder v. Jones* decision. *Calder v. Jones*, 465 U.S. 783, 788-89 (1984); *see also Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010). Under *Calder*, a defendant has purposefully directed activities at the forum if a defendant (1) commits an intentional act, which is (2) expressly aimed at the forum, and (3) that the defendant knows will cause harm to a resident of the forum. *Calder*, 465 U.S. at 788-89; *Mavrix Photo*, 647 F.3d at 1227-28. Although the Court's Order to Show Cause appears to be focused solely on the second "express aiming" element, Facebook notes that it has established in the first and third elements in the allegations of the unanswered Amended Complaint. Amended Complaint (D.I. 7) ¶¶6, 19-26.

The "express aiming" element is satisfied here because the defendants individually targeted a plaintiff known to be a forum resident. In the context of the internet, satisfying the express aiming element requires "something more" than simply making a passive website available in the forum. *See Panavision v. Toeppen*, 141 F.3d 1316, 1321 (9th Cir. 1998); *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414 (9th Cir. 1997). Where a defendant operates an interactive website, the express aiming element is satisfied by examining several factors, including "whether the defendant 'individually targeted' a plaintiff known to be a forum resident." *Mavrix Photo*, 647 F.3d at 1229.

The Ninth Circuit has repeatedly held that this "something more" standard is satisfied where the defendant individually targets a known resident of the forum. In *Panavision*, it held that the "something more" standard was satisfied where a defendant registered domains that infringed the intellectual property rights of a resident of the forum and then sought payment from the plaintiff for the transfer of those domains. *Panavision,* 141 F.3d at 1322. More recently, in *Brayton Purcell*, the Ninth Circuit found purposeful direction where an out of forum law firm

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2.

MOTION FOR DEFAULT JUDGMENT,
PERMANENT INJUNCTION & ATTORNEYS' FEES
CV10-4673-JSW (DMR)

copied the website of another law firm, which it knew to be a resident of the forum. *Brayton Purcell*, 606 F.3d at 1131. In *Brayton Purcell*, the Ninth Circuit relied heavily on the fact that "targeted [plaintiff] individually by copying its website and competing for the same customers." *Brayton Purcell*; *see also Bear Mill, Inc. v. Teddy Mountain, Inc.,* No. 2:07-CV-492-EJL-LMB, 2008 WL 2323483 (D. Idaho May 7, 2008) (infringement of known forum resident's mark for purposes of competition sufficient for personal jurisdiction).

District Courts have also held found purposeful direction when an out of forum defendant engages in infringement that it knows will harm a resident of the forum. In *Nissan Motor Co. Ltd. v. Nissan Computer Corp.*, 89 F. Supp. 2d 1154, 1160 (C.D. Cal. 2000), Judge Pregerson found purposeful direction where a non-resident defendant adopted the mark NISSAN for computers with the intent of deriving advertising revenue from consumers who were looking for the Nissan automobile website. And in *Bear Mill, Inc. v. Teddy Mountain, Inc.*, the Idaho District Court found purposeful direction where the defendant misappropriated the trademark of a competitor that it knew to be a resident of Idaho. *Bear Mill,* 2008 WL 2323483, at *6.

**B. The Defendants Individually Targeted Facebook, A Known Forum Resident.**

The unanswered allegations of the Amended Complaint squarely establish that the defendants intended to target Facebook, and the goodwill of the FACEBOOK mark, when they adopted their infringing mark. A comparison of the Faceporn website to Facebook leaves no doubt about this. Like the defendants in *Brayton Purcell*, the defendants' actions went far beyond simply using infringing material – the defendants also copied elements of the Facebook site to make the Faceporn site both visually and functionally similar to Facebook. The defendants used the a similar layout and color scheme to that of Facebook, and even using Facebook's WALL trademark in the same manner it was used by Facebook. Amended Complaint (D.I. 7) ¶¶19-26 & Ex. C.

Also like the defendants in *Brayton Purcell*, *Bear Mill* and *Nissan*, the defendants' infringing activities were undertaken for the purpose of competing with Facebook. The defendants present their website as a social networking site for those with a specific interest in pornographic content. Amended Complaint (D.I. 7) ¶¶19-26. In addition to the defendants'

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3.

MOTION FOR DEFAULT JUDGMENT,
PERMANENT INJUNCTION & ATTORNEYS' FEES
CV10-4673-JSW (DMR)

pornographic content, Faceporn offers social networking services and functionality similar to that provided by Facebook, including finding and connecting with friends, sending messages, and sharing photos and videos. *Id*. The defendants also use Facebook's WALL trademark for posting messages, in a manner almost identical to the way in which it is used by Facebook. Amended Complaint (D.I. 7) ¶¶19-26 & Ex. C. Facebook allows users to "poke" other users; Faceporn allows users to "send a flirt." Amended Complaint (D.I. 7) Ex. C. And, a disclaimer that has recently appeared on the Faceporn site specifically references Facebook as part of a prominent message on Faceporn's home page, and notes "unlike them [Facebook], we do not censor our users." Declaration of Jeffrey T. Norberg in Support of Facebook's Plaintiff's Response to Order to Show Cause ("Norberg Decl."), Ex. A.

Finally, the defendants knew Facebook was a U.S. and California company because, prior to the lawsuit, Facebook sent a cease and desist letter to the defendants from Facebook's lawyers in California. Norberg Decl. Ex. B. The defendants not only received a letter from Facebook in California, but also responded to Facebook's letter via a letter from counsel hired in the United States. Nevertheless, Faceporn has continued its infringing activities.

## III. CONCLUSION

As established above and in the Amended Complaint, the defendants have gone far beyond simply operating a website that happens to infringe the intellectual property of a resident of California. The defendants specifically targeted Facebook by offering a pornographic version of Facebook. This constitutes "something more" than simply operating a passive website that is accessible in the forum. The Court therefore has personal jurisdiction over the defendants.

Dated: December 12, 2011
         Cooley LLP
         MICHAEL G. RHODES
         ANNE H. PECK
         JEFFREY T. NORBERG

         /s/ *Jeffrey T. Norberg*
          Jeffrey T. Norberg

         Attorneys for Plaintiff
         FACEBOOK, INC.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4.

MOTION FOR DEFAULT JUDGMENT,
PERMANENT INJUNCTION & ATTORNEYS' FEES
CV10-4673-JSW (DMR)